# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

REGINALD CHAPMAN ET AL          **CASE NO. 2:22-CV-02186**

**VERSUS**                        **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE AND CASUALTY CO**  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiffs' Personal Property Claim" (Doc. 33), wherein State Farm Fire and Casualty Co. ("State Farm") moves to dismiss with prejudice Plaintiff's contents claim and bad faith claim.

## BACKGROUND

This lawsuit involves damage to Plaintiffs' property that allegedly occurred as a result of Hurricanes Laura and Delta that made landfall on August 27, 2020, and October 9, 2020, respectively.[1] During the relevant time period, Plaintiffs' property was insured by State Farm Fire and Casualty Company.[2]

On May 17, 2021, Plaintiffs also filed a flood claim with FEMA when their home suffered a flood loss. For this claim, Plaintiffs were paid $78,155.89 for damage to the home and $18,086.05 for personal property damage. FEMA found that the "average cost to rebuild the building after a total loss was $180,338.96.[3]

---

[1] Doc. 1, ¶ I.
[2] *Id.* ¶ II, 3.
[3] Defendant's exhibit 2, pp. 28-29.

On May 26, 2021, right after Plaintiff made the flood claim, Plaintiff submitted to State Farm, $265,614.33 in damaged personal property.[4] When the contents list was submitted, Plaintiffs advised State Farm that they had disposed of most of the items prior to submission of the content's list, including burning most of them in their back yard.[5]

On June 8, 2021, State Farm requested additional information for a majority of the items included on the list.[6] Specifically, State Farm requested receipts for the damaged items, documentation of how the replacement costs were obtained, photographs of the damaged items, and diagnostic reports to determine the cause of loss for any battery, gas, or electric powered items.[7] At the same time, State Farm issued a contents payment for the undisputed items on Plaintiff's list for $23,381.66. In response, Plaintiffs confirmed that they burned most of the alleged damaged contents, and that they determined for themselves if the contents were damaged including, but not limited to disposal of two generators totaling $4,299.98, a $799.99 DVD player, a $1,200.00 CD player, an $899.00 "power amplifier," a $1,200.00 meat grinder, a $1,999.99 wine chiller, $6,149.88 for four televisions, a $1,500.00 "digital/audio/video control center," a $1,200.00 computer, a $4,199.99 "meat cutter," eight lawn mowers totaling $7,159.31, a $1,350 "attack fan (LG)," a $899.99 electric bicycle, a $832.00"cordless brushless cutoff saw," $1,500.00 for "gas outdoor 4-nutner liquid propane," $6,500.00 for an aquarium, $849.00 for a drill, and $1,450.00 for a speaker cable.[8] Plaintiff admitted that she submitted several of the same

---

[4] Defendant's exhibit 4, Affidavit of Marty Smith and attached exhibit B.
[5] Defendant's exhibit 5, Michelle Chapman deposition, p. 237:8-24; Defendant's exhibit 3.
[6] Defendant's exhibit 4, Smith Affidavit and attached exhibit C.
[7] *Id.*
[8] Defendant's exhibit 4, Affidavit of Marty Smith and attached exhibit B.

contents to her flood insurer and to state Farm,[9] and some of the same photos to FEMA for her flood claim.[10] Plaintiff further testified that she had no receipts for the purchase of the contents she is claiming were damaged.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[9] Defendant's exhibit 5, Michelle Chapman deposition, pp. 143:4-25, 144:1-4, 157:9-25, 158:1-19.
[10] Defendant's exhibit 5, Michelle Chapman deposition, pp. 143:4-25, 144:1-4, 157:9-25, 158:1-19; Defendant's exhibit 2, p. 74, 81.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

State Farm argues that Plaintiffs cannot support their claim for contents because (1) they have no proof of purchase through receipts or otherwise; (2) Plaintiffs failed to have a technician test the electrical, gas and/or gas items/appliances to establish if they were damaged; (3) Plaintiffs submitted a contents claim to FEMA for the subsequent flood damages for the same items it is claiming as loss from Hurricane Laura using the same photos (and FEMA paid Plaintiffs for those items); (4) many of the photos submitted to both FEMA for the flood damage and Hurricane Laura were undated; (5) a majority of the photos submitted do not reveal any damage to the items Plaintiffs are claiming are a total loss; (6) Plaintiffs submitted a spreadsheet with replacement costs that are entirely unsupported; and (7) Plaintiff purportedly burned most of the items in a barrel in their backyard, before they submitted their contents claim to State Farm. State Farm is moving for the Court to grant summary judgment in its favor on Plaintiffs' current personal property claim for damage. State Farm is also moving to dismiss Plaintiffs' bad faith claim as to its handling of the content's claim.

Plaintiff's homeowner policy included coverage of $254,400.00 for the dwelling (Coverage A); $25,440.00 for other structures (Coverage A); $190,800.00 for contents (Coverage B); and $76,320.00 for additional living expenses (Coverage C).[11] The policy included certain duties Plaintiffs were required to perform in order for the policy to provide coverage;

> 2.  Your Duties After Loss. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:
>     […]
>
> c. prepare an inventory of damaged or stolen personal property:
>
> (1) showing in detail the quantity, description, age, replacement cost, and    amount of loss; and
>
> (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
> ….
>
> as often as we reasonably require:
>
> (1) exhibit the damaged property;
>
> (2) provide us with any requested records and documents and allow us to make copies;[12]

State Farm contends that Plaintiffs cannot rely solely on their own testimony to prove their damages. State Farm cites numerous cases wherein Louisiana courts have recognized that a Plaintiff's burden to prove damages is not satisfied by their own estimate of the value of loss. See *Grand Pelican Furniture Co. v. Cambridge Mut. Fire Ins. Co.*,

---

[11] Defendant's exhibit A, Affidavit of Marty Smith, attached exhibit A.
[12] *Id.* pp. 18-19.

263 So.2d 91, 92-93 (La. Ct. App. 1 Cir. 1972); *Jackson v. Lare*, 779 So.2d 808, 814 (La. App. 2 Cir. 11/1/00); *Ganheart v. Executive House Apts.*, 671 So.2d 525, 528 (La.App. 4 Cir. 02/15/96).

State Farm also relies on several cases where courts have dismissed a plaintiff's personal property (contents) claim because the plaintiff failed to provide evidence of damage, unsupported values as proof of loss and/or the insured failed to perform certain duties required by the insurance policy to provide coverage. See *Dunn v. Allstate Ins. Co.*, 2025 U.S. Dist. LEXIS 31700 at *8 (W.D. La. 2/21/25); *Lightfoot v. Dover Bay Specialty Ins. Co.*, 2025 U.S.Dist. LEXIS 127370, at *2 (W.D. La. July 3, 2025); *Durkin v. State Farm*, 3 F. Supp.2d 724 (E.D. La. June 24, 1997).

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy." *Mosadegh v. State Farm Fire & Cas., Co.*, 330 Fed. Appx. 65, 66 (5th Cir. 2009). The Louisiana Supreme Court has stated: "[t]he burden [is] clearly upon the insured to perform the condition required by the policy, failing which performance there could be no liability upon the insurer to bestow the benefits provided." *Robbert v. Equitable Life Assurance Soc.*, 217 La. 325, 343 (1949). Further, an insured's failure to cooperate with their carrier and fulfill his obligations under the policy may be asserted as a material breach and a defense to the suit. *Mosadegh*, 2008 WL 444544361, at *3. State Farm reminds this Court that it granted summary judgment in favor of State Farm when the plaintiff failed to preserve many of his personal property items that he claimed were damaged violating his duty to cooperate in the investigation, which prejudiced State Farm. *Marcantel v. State Farm*, 2024 WL

3157598 (W.D. La. June 24, 2024) (Plaintiff submitted a contents list with valuations based on his own research but failed to produce supporting documentation).

Here, Plaintiffs submitted a contents list that included the name of the items, quantity, the year purchased, and replacement value. State Farm complains that the list vaguely describes the items and there is no explanation or evidentiary support as to the replacement values that were calculated. State Farm also complains that Plaintiffs attach no corresponding receipts, bills, or other documentation to support the amounts provided on the contents list, other than Plaintiff's own valuation.

State Farm also complains that Plaintiffs failed to preserve the items in violation of the policy preventing State Farm from being able to inspect the alleged damaged items.

In response, Plaintiffs submit the Claim Logs Notes that indicate that Mrs. Chapman informed State Farm in September 2020, that she had over 50 items in her home that were damaged due to Hurricane Laura.[13] Plaintiffs also submit her deposition testimony and receipts and E-mails from the Insured to States Farm dated January 2020 through January 2022.[14] In her deposition, Mrs. Chapman testified that she sent State Farm a list of food items that were damaged, and pictures of the various refrigerators and freezers located inside and outside of the house. The receipts that were sent were to support her claim for various spoiled food items (processed meat items) that were in the freezers. She also sent pictures of these food items that were spoiled due to the Hurricane. These pictures were

---

[13] Plaintiffs' exhibit 1, Claims Log Notes, Chapman 00143; Plaintiffs' exhibit 2, Michelle Chapman deposition, pp. 211:13-19, 212:5-213:5.
[14] Plaintiffs exhibit 2, Michelle Chapman depo. pp. 215:5-25, 216:1-17; 221:1-25; Plaintiffs' exhibit 7 (receipts and emails)

sent to State Farm on January 11, 2022.[15] One picture of food items inside of what appears to be the stainless-steel refrigerator in the kitchen clearly show that the food is not spoiled and the refrigerator is fully functional.[16]

On November 30, 2021,[17] Mrs. Chapman sent State Farm several emails with the following undated pictures:

(1) a picture presumably of the front of the home that shows a fraction of a small freezer.[18]  The picture does not indicate the value, brand, or any damage to the freezer.

(2) a picture of a large deep freezer that is located under a carport on the front of the home.[19] The undated picture also depicts snow on the ground; it does not show the brand of the freezer or any damage to the freezer.

(3) a picture of a refrigerator located in the kitchen in the house.[20] The picture does not show that the refrigerator was damaged. This appears to be the same refrigerator noted above in the kitchen that is functional.

(4) a picture of a freezer and refrigerator that had been cleaned out.[21]  The picture does not show any damage.

---

[15] Doc. 37-7, p. 7.
[16] Doc. 37-7. p. 6.
[17] The emails indicate that some of these emails were initially sent on November 8, 2021, and forwarded again to State Farm on November 30, 2021.
[18] Doc. 37-7, p. 14.
[19] Doc. 37-7, p. 16.
[20] Doc. 37-3, p. 22.
[21] Doc. 37-7, p. 24.

(5) a picture of a deep freezer in the back of home and a refrigerator.[22] Nothing in the picture indicates the value of these items and/or that they were damaged or no longer functioning.

(6) A picture of a refrigerator on the back porch that one can assume is fully functioning.[23] The picture does not show any damage.

(7) A picture of the top of a deep freezer in a computer room.[24] The picture does not show any damage.

(8) a picture of the top half of an upright freezer.[25] This picture does not depict any damage but does indicate that the freezer is functioning due to the small lights that are illuminated on the front of the freezer.

The Court has reviewed Plaintiff's exhibit 3 and all of these pictures of Plaintiffs' various refrigerators and freezers, and notes that they establish that these appliances existed at some point and time at the Chapman's home. The Court further notes that all of these pictures were sent to State Farm after the May 2021 flood. Plaintiffs have represented that this summary judgment evidence establishes that:

> In the months that followed—well before the May 2021 flood—the Chapmans sent State Farm detailed handwritten lists, receipts, and photographs of their damaged refrigerators, freezers, and household items.[26]

As noted herein, these pictures were sent to State Farm after the May 2020 flood.

---

[22] Doc. 37-7, p. 12.
[23] Doc. 37-7, p. 26.
[24] Doc. 37-7, p. 28.
[25] Doc. 37-7, p. 30.
[26] Opposition, p. 37, Doc. 37.

Next, Plaintiffs submits photographs from the Jackson Adjustment Company Inc. Photo Sheet on behalf of FEMA for Plaintiffs' flood claim as to Hurricanes Laura and Delta. The pictures of the home were taken in October 2020.[27] Significantly, Plaintiffs answered in their discovery that they had made no other claims (despite Plaintiff's flood claim with FEMA) regarding Hurricanes Laura and Delta. Thus, State Farm asserts that it was not aware that these pictures existed. These pictures are of the home, a shed, the inside of a shed and its contents, the backyard with numerous items, and inside the house with its contents. The Court has carefully reviewed all of these pictures. Excepting certain items in the shed, the pictures do not show damage to the contents, and/or if any damage was caused by Hurricane Laura. The Court did notice various containers, but they were all closed containers, thus, the Court cannot verify what was in the containers or if the contents of the containers were damaged.

Plaintiff also claims that there was debris on the washer/dryer set and thus this is part of their contents claim. The Court viewed the pictures of the washer/dryer set that was positioned on the back porch. While there is a small amount of debris on the top of each (which could be easily removed with a cloth), there is no indication that the washer/dryer set were damaged, and there is no evidence that a technician tested these appliances to determine their functionality.

---

[27] Plaintiff's exhibit 5.

Plaintiff relies on the State Farm adjuster's notes, which Plaintiffs assert documented "a destroyed dog kennel and, damaged shed contents.[28] The Court has reviewed this exhibit and fails to find any mention of a "destroyed dog kennel."[29]

Next, Plaintiffs submit an updated spreadsheet of contents sent to State Farm. Plaintiffs assert that they provided the spreadsheet through a portal to State Farm on April 16, 2021.[30] The spreadsheet indicates that it was "printed 4/16/2021." [31] There is no evidence in the record that it was submitted to State Farm on 4/16/2021.[32] This spreadsheet, prepared by Michell Chapman is allegedly a list of every item she claims was damaged as a result of Hurricanes Laura and Delta.[33] The "Loss Inventory" spreadsheet claims a total contents loss of $265,614.33.   It provides the following line-item titles: (1) Item Description, (2) Brand or Manufacturer, (3) Model Number, (4) Qty Lost, (5) Item Age, (6) Cost to Replace Pre-tax (each), (7) Place where Purchased/Obtained, (8) Condition, and (9) Room.[34] Plaintiffs rely solely on this self-authored document to support the value of their loss. Plaintiffs have not provided any receipts for the purchase of these items.  The Court also notes that the list includes $30,000 for Walmart shelving fixtures metal wall and island units, $10,000 for Walmart countertops and cabinets, and $5,000 for Walmart

---

[28] Plaintiff's exhibit 1, State Farm Claim File, Chapman 00118.
[29] The Court notes that Plaintiffs included a picture of the various items located in the back yard.  The picture does show a dog kennel, but it does not appear to be damaged.
[30] Plaintiff's exhibit 3.
[31] *Id.*
[32] State Farm remarks that Plaintiffs have failed to dispute that State Farm received the spreadsheet on May 26, 2021, after the flood event.
[33] *Id.*
[34] There is no information provided as to Model Numbers and Place where purchased.

screws,[35] $6,500 for an aquarium,[36] which the Court was unable to find in the photographs Plaintiffs submitted as summary judgment evidence. This is just an example of a few of the items that the Court could not find in the photographs, nor were any receipts provided, or any evidence to show that they were destroyed by Hurricane Laura.  Again, there are no supporting documents to support Plaintiffs' self-proclaimed contents damage list.

Plaintiffs have the burden of proving that the items in their contents list were damaged. Plaintiff have failed to submit any summary judgment evidence to support their alleged claim of damaged contents.   State Farm contends that Plaintiffs failed to cooperate regarding their contents claim by failing to provide documentation as to the value of the items allegedly destroyed, evidence of the alleged damaged items, and that Hurricane Laura caused said damage. Finally, Plaintiffs failed to preserve the alleged damaged items. State Farm argues that it is prejudiced given that most of the items claimed are no longer available for inspection. See *Marcantel v. State Farm Fire*, 2024 U.S.Dist. LEXIS 111077, at *7 (W.D. La. June 24, 2024). The Court agrees with State Farm, that photographs alone are not enough to establish damage to the items, and whether that damage was caused by Hurricane Laura. "The insurer is under no duty to issue payment when it is deprived of the opportunity to adequately investigate the claim—especially when, as here, the [contents] claim is so large and tenuous." *Id.*  Plaintiffs' claim that Mrs. Chapman indicated early on that she had over fifty items that were damaged; this is not sufficient "proof of contents loss." See e.g., *Grilletta v. Lexington Ins. Co.*, 558 F.3d 367 (5th Cir. 2009).  (affirming

---

[35] Doc. 37-3, p. 14.
[36] *Id.* p. 12.

finding that plaintiffs who had "never officially submitted" a "supplemental contents list" to insurer had not provided satisfactory proof of loss); See also *Yount v. Lafayette Ins. Co.*, 4 So.3d 162, 172 (La. App. 4 Cir. 2009); *Duplantis v. Allied Tr. Ins. Co.*, 2025 U.S. Dist. LEXIS 133063 (E.D. La. July 14, 2025).The Court finds that Plaintiff have failed to submit summary evidence to create a genuine issue of material fact for trial as to its contents claim.

*Bad faith claim*

State Farm moves to dismiss Plaintiffs' claims of bad faith in handling their contents claim. To recover bad faith damages, Plaintiffs must show that the insurer (1) received a satisfactory proof of loss; (2) that the insurer failed to pay within the designated time period, and (3) that the failure to pay was arbitrary, capricious or without probable cause." *Island Concepts*, 2014 U.S. Dist. LEXIS 155494, 2014 WL 5524379 at *12 (citing *Boudreaux v. State Farm Mutual Automobile Ins. Co*., 896 So. 2d 230, 233 (La. App. 4 Cir. 2005)). The bad faith statutes do not define "satisfactory proof of loss." The Louisiana Supreme Court has held that "satisfactory proof of loss" is "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag. Co., Inc. v. Audubon Indem. Co*., 999 So.2d 1104, 1119 (La. 2008).

Plaintiffs have the burden of showing that State Farm's failure to pay the full value of their alleged contents claim was arbitrary and capricious. *Treigle v. State Farm Fire*, 2023 U.S. Dist. LEXIS 87786, at *10 (E.D. La. May 19, 2023). Here, Plaintiffs have failed to meet their burden of proving that State Farm's failure to pay the full value of Plaintiffs' alleged contents claim was unreasonable or arbitrary and capricious. As noted by State Farm, there were substantial, reasonable, and legitimate questions as to whether Plaintiffs'

content damage was caused by a covered loss. Bad faith should not be inferred when there is a reasonable and legitimate question as to the extent and causation of a claim. *Id.* State Farm paid Plaintiffs $23,381.66 for items on their content list, which could be verified. Plaintiffs have failed to support their contents claim with any documentation other than their own self-serving unsupported spreadsheet. Additionally, Plaintiffs failed to preserve the alleged damaged contents for State Farm's inspection. As such, State Farm had a reasonable basis to question and investigate further the alleged $250,000 damaged loss of contents.

<b><u>CONCLUSION</u></b>

For the reasons explained herein, the Court will grant State Farm's Motion for Partial Summary Judgment on Plaintiffs' Personal Property Claim (Doc. 33) and dismiss with prejudice Plaintiffs' claims for damages as to person property (contents) and bad faith as to State Farm's handling of the contents claim.

**THUS DONE AND SIGNED** in chambers on this 22nd day of September, 2025.

_____<br>
<b>JAMES D. CAIN, JR.</b><br>
<b>UNITED STATES DISTRICT JUDGE</b>